[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff seeks injunctive relief restraining the defendant from "continuing to possess birds, wild birds and poultry in violation of the Code of the City of Meriden."
In prior litigation, the defendant took an administrative appeal from a decision of the Meriden Zoning Board of Appeals. That decision stated that her use of her premises to maintain a number of birds was not permitted in a residential zone.
The administrative appeal was decided against the defendant, sustaining the decision of the Zoning Board of Appeals. This action ensued when the defendant failed to remove the birds from her property.
The plaintiff takes the position that the decision in the administrative Appeal is res judicata and that in her defense to this action, the defendant is seeking to litigate the same issues which were resolved against her in that case.
The defendant argues that the prior litigation involved her use of her property as a "wildlife custodian," that she gave up that function and returned her Department of Environmental Protection permit. The various birds she now maintains, she alleges, are actually pets she has kept for some time and are not wildlife. Therefore, she claims this present activity is permitted as one can maintain "pets," and the prior case only addressed her role of wildlife custodian. It would appear to be undisputed that the birds presently on the premises were also on the premises with the various injured, sick, or immature birds she cared for from. time to time.
In support of her position, the defendant, acting pro se, has skillfully presented her side of this dispute, introducing expert testimony that the birds presently on the premises are not wildlife but are in fact poultry which are kept as a food source. As poultry, she argues, they are domestic animals and permitted in this residential zone. Whereas she formerly had 20 birds, she now, CT Page 104 says she has 9. The zoning enforcement officer testified that he saw about a dozen birds in her yard.
In view of these claims, the court must determine whether this is the same issue which was before the court in the Administrative Appeal, necessitating reference to the file and record in that case.
In her June 1989 application to the Zoning Board of Appeals, the defendant stated in Paragraph 4:
 "the birds are pets of the owner, and as pets are permitted in a residential zone."
The attorney for the defendant in arguing her case before the board characterized the defendant's activity in this way:
 "We are talking, with respect to the kinds of birds about largely, ducks, geese, one swan and a robin, sea gull; and other birds that, coincidentally, may happen to be injured and be brought to them in order to be rehabilitated. . .
 What I would like you to focus on is the kind of attention, and what is exactly being done in this single family dwelling. Injured birds are brought in. They are fed; they are cared for; they are released. We don't have a situation where any veterinary care is being administered unless there's a situation where the animal has been brought to a vet, and the vet has ordered that that animal be given medication, much as you medicate you [sic] cat or dog. The point is, although these animals aren't pets, per se, and not in the normal sense of the word, treated exactly as you an [sic] I would treat a cat, and for that reason, if you were going to consider this a use, that is not a use incidental to a single family dwelling, you will be in the position of having to tell anyone in this town who owns pets, that they're engaging in a use that is not incidental to the normal residence in a single family dwelling. There's no rational relationship between a rule that would have any other result, and there's no way you can distinguish between the care that these animals get and the kind of care that pets get."
(Return of Record Exhibit C, at pp. 5, 10 and 11, CV89-290107 Larson v. ZBA of Meriden). CT Page 105
Similarly, in her appeal of the board's decision, the defendant's attorney used this language in the complaint to the Superior Court:
 ". . . the right to use her property for a customary access or use in single family residential R1 district to wit: the keeping of animals as pets, such use being permitted in such zone or, if not permitted then such use is a pre-existing non-conforming use and therefore permitted by operation of law."
 ". . . (the ZBA) acted illegally and improperly in failing to recognize that the keeping of pets is permitted in a single family residence (R1) district."
Then, in his brief counsel for the defendant referred to the birds as pets and includes these birds as the same group which is referred to in this case:
 "To the rear of the (defendant's) premises is a small outbuilding which houses 8 geese, 3 ducks, 1 swan, 1 robin, and 1 sea gull. . . The foregoing animals became pets upon the premises when their physical condition did not permit them to be released into the wild. . .
 Licensure by the Commission (of DEP) allows the keeping of wild birds as pets and for rehabilitation. . .
 This entire controversy centers around the keeping of the following animals: 8 geese, 3 ducks, 1 swan, 1 robin, and 1 sea gull. . .
 There is nothing in the ordinance which deals with, by either permitting or prohibiting, the keeping or pets in an R-1 zone, yet the keeping of pets in an unquestioned accessory, use of any premises in a residential zone. . .
 There was no evidence presented that the use of the premises for the keeping of the (defendant's) pets was not a lawful accessory use of the (defendant's) premises. . .
 The record in this case reveals that the (defendant's) property has been used for the CT Page 106 keeping of geese and ducks since 1978 . . . the use of the premises (must be) continued even if deemed to be a "farming operation" . . .
 The Commissioner of Environmental Protection has, by virtue of Sec. 26-54 C.G.S., authorized possession of these legally acquired wild birds as pets and imposed a standard for sanitary conditions and treatment. Since pets are legally permitted as an accessory use in a residential zone it would seem that, while not overriding zoning, the Commission has merely authorized the retention of the birds as pets and the Zoning Enforcement Officer, under the guise of the zoning ordinance, is in no position to require a discontinuance of such use . . .
 The (defendant) and her family have a hobby, that hobby is caring for injured wild birds. During the course of their care of such wild birds since 1978, several of them have been unable to return to the wild and have stayed on the premises under sanitary and controlled conditions as household pets. . ." (Emphasis added).
In his argument to the court in the Administrative Appeal, the defendant's attorney argued that since the defendant had permitted her DPA permit to expire, the birds in her possession were pets and the decision appealed from was moot.
Finally, in his Memorandum of Decision, Judge Zoarski indicated that the claim that these birds were pets had been made and considered by him.
 "(Defendant) appeals the decision of the ZBA upholding the cease and desist order on the grounds that it was arbitrary, illegal and in abuse of its discretion. (Defendant) argues that she was licensed by the State DEP as a "`wildlife custodian'" and such a permit entitled her to keep wild birds on her property in order to care for them. (Defendant) also claims to show that she carried on her duties as wildlife custodian with the knowledge and approval of town officials. (Defendant) also points out that her permit to continue as a wildlife custodian expired in December 1989 and she has no plans to review the permit. (Defendant) maintains that the birds she now has are her pets and as such are not restricted by the Meriden Zoning Regulations." (Emphasis CT Page 107 added)
(Memorandum of Decision dated February 28, 1990, at p. 3).
It is therefore the conclusion of the court that the issues raised by the defendant in her defense have already been decided in case #CV89-290107, Cathleen Larson, aka v. Zoning Board of Appeals of the City of Meriden, et al.
The defendant is restrained from continuing to violate the Code of the City of Meriden by possessing birds, wild birds, or poultry of the types and styles of those covered by the litigation cited above and in this case.
If such violation exists 15 days after the date of the filing of this decision, the defendant will be liable in the sum of $100 into the plaintiff for each day such violation continues.
Counsel for the plaintiff will prepare a judgment file within. 30 days of the filing of this decision.
Anthony V. DeMayo, Judge